Dennis F. Moss - State Bar No. 77512
Gregory N. Karasik - State Bar No. 115834
Spiro Moss LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468; Fax: (310) 235-2456
dennisfmoss@yahoo.com
greg@spiromoss.com

Alexander I. Dychter - State Bar No. 234526
Dychter Law Offices, APC
625 Broadway, Suite 600
Tel: (619) 487-0777; Fax: (619) 330-1827
alex@dychterlaw.com

Attorneys for Plaintiffs
ROBERT GATDULA and
DEAN RAMIREZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GATDULA and DEAN RAMIREZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRST INTERNATIONAL, INC.; CRST, INC.; CRST VAN EXPEDITED, INC. and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>1. Failure to Pay Minimum Wages in Violation of FLSA<br>2. Failure to Pay Minimum Wages in Violation of California Law<br>3. Failure to Provide Meal Periods<br>4. Failure to Provide Rest Periods<br>5. Failure to Pay All Wages Each Pay Period<br>6. Failure to Provide Accurate Wage Statements<br>7. Forfeiture of Vacation Pay<br>8. Failure to Pay All Wages Upon Termination<br>9. Failure to Indemnify for Business Expenses<br>10. Unfair Competition<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES, RESTITUTION AND PENALTIES

Plaintiffs Robert Gatdula and Dean Ramirez ("Plaintiffs"), on behalf of themselves and all others similarly situated, complains and alleges as follows:

**INTRODUCTION**

1.      This case arises out of the failure of defendants CRST International, Inc., CRST, Inc. and/or CRST Van Expedited, Inc. ("Defendants") to compensate persons employed as truck drivers in accordance with state and federal law.  On behalf of certain truck drivers employed by Defendants throughout the United States ("Truck Drivers" as defined in paragraph 8 below), Plaintiffs assert a claim for failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA").  Plaintiffs bring this claim as a collective action pursuant to 29 U.S.C. 216(b).  On behalf of truck drivers who belong to the California Truck Drivers and/or Former California Truck Drivers classes defined in paragraph 12 below, Plaintiffs assert claims under California law for failure to pay minimum wages, failure to provide meal periods; failure to provide rest periods; failure to pay all wages each pay period; failure to provide accurate wage statements; forfeiture of vacation pay; failure to pay all wages upon termination; failure to indemnify for business expenses; and unfair competition.  Plaintiffs bring their state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek all damages, restitution and penalties to which they and similarly situated employees of Defendants are entitled to under the FLSA and/or state law.

**JURISDICTION**

2.      The Court has original jurisdiction over Plaintiffs' claims under the FLSA, a law of the United States, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  The state law claims are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

**VENUE**

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business and therefore reside in this district and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

/ / /

/ / /

**THE PARTIES**

    **A.**    **Plaintiffs**

    4.    Plaintiff Gatdula worked for Defendants as a truck driver from approximately March 26, 2008 through January 2009 and from approximately March 2009 through October 2009. Plaintiff Ramirez worked for Defendants as a truck driver from approximately April 2009 through August 2009. Their home terminal, where Plaintiffs were required to leave equipment in between driving assignments, was in Fontana, California. During their employment with Defendants, Plaintiffs were not paid minimum wages for all hours worked in accordance with the FLSA or Labor Code Section 1197; Defendants made unlawful deductions from Plaintiffs' wages in violation of Labor Code Section 221; Plaintiffs were not provided meal periods in accordance with Labor Code Section 512 or Wage Order 9-2001; Plaintiffs were not provided rest periods in accordance with Wage Order 9-2001; Plaintiffs were not paid additional wages for every missed meal and rest period in accordance with Labor Code Section 226.7 and Wage Order 9-2001; Plaintiffs were not provided accurate wage statements in accordance with Labor Code Section 226; and Defendants did not indemnify Plaintiffs for all business related expenses incurred by Plaintiffs. Defendants discharged Plaintiff Gatdula in or around October 2009 and discharged Plaintiff Ramirez in or around August 2009. Upon the termination of their employment, Plaintiffs were not paid for all the vacation that had been earned by them prior to discharge. Defendants, who failed to pay all wages owed to Plaintiffs upon termination, also failed to pay Plaintiffs penalty wages owed to them under Labor Code Section 201.

    **B.**    **Defendants**

    5.    At all relevant times, Defendants are and/or were corporations organized under the law of the State of Iowa with a principal place of business in the State of Iowa. Defendants, jointly and/or severally, were the employer of Plaintiffs and other similarly situated truck drivers at the time Defendants breached their legal obligations to them as described herein, and Defendants continue to breach legal obligations owed to similarly situated truck drivers currently employed by Defendants.

    6.    Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 10, but are informed and believes and thereon allege that said Defendants are legally responsible for the

wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

7. Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

8. Plaintiffs' claim for failure to pay minimum wages in violation of the FLSA is brought as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and other "Truck Drivers." For the purposes of this claim for relief, the term "Truck Drivers" is defined as all persons who, at any time since the date three years before the filing of the complaint in this action, were employed as a truck driver by CRST Van Expedited, Inc. with a home terminal or drop location situated anywhere in the United States.

9. At all relevant times, Plaintiffs and other Truck Drivers have been similarly situated in that they have had the same or substantially similar job duties and the same or substantially similar terms and conditions of employment. At all relevant times, Plaintiffs and other Truck Drivers have been subject to Defendants' common practices, policies, programs, procedures, protocols and/or plans which have resulted in the willful failure by Defendants to pay Truck Drivers minimum wages for all hours worked in violation of the FLSA.

10. Although the name and address of other Truck Drivers are not yet known to Plaintiffs, they are readily ascertainable from the employment records maintained by Defendants. Notice of this action and the right to "opt in" as a plaintiff for the purpose of Plaintiffs' collective action can be given to other Truck Drivers via first class mail at their last known address on file with Defendants.

11. Attached hereto are the signed consents of Plaintiffs to be a party to the collective action brought by them under the FLSA. Plaintiffs are informed and believe and thereon allege that, upon being given notice of their rights, many other Truck Drivers will likewise consent to join as plaintiffs in the collective action brought by Plaintiffs against Defendants for violation of the FLSA.

## CLASS ACTION ALLEGATIONS

12.     Plaintiffs bring their state law claims on behalf of themselves and all other similarly situated persons (collectively the "Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The members of the Class belong to the California Truck Drivers Class and/or the Former California Truck Drivers Class, which are defined as follows:

> **California Truck Drivers Class:**  All persons who, at any time since the date four years before the filing of the complaint in this action, were employed as a truck driver by CRST Van Expedited, Inc. with a home terminal or drop location situated anywhere in the State of California.

> **Former California Truck Drivers Class**:  All persons employed as a truck driver by CRST Van Expedited, Inc. with a home terminal or drop location situated anywhere in the State of California whose employment terminated at any time since the date four years before the filing of the complaint in this action.

13.     Plaintiffs' state law claims are brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a.      Numerosity.  The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical.  While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are not less than 200 members in the California Truck Drivers Class and 200 members in the Former California Truck Drivers Class.

b.      Commonality.  There are questions of law or fact common to class members.  These common questions include, but are not limited to:

(1)     Did Defendants violate Labor Code Section 1197 by not paying minimum wages to Class members for all hours worked?

(2)     Did Defendants violate Labor Code Section 221 by making unlawful deductions from the wages of Class members?

(3)     Did Defendants violate Labor Code Section 512 or Wage Order 9-2001 by not providing Class members with meal periods?

(4)     Did Defendants violate Wage Order 9-2001 by not providing Class members with rest periods?

///

    (5)   Did Defendants violate Labor Code Section 226.7 or Wage Order 9-2001 by not providing Class members additional pay for missed meal periods or rest periods?

    (6)   Did Defendants violate Labor Code Section 204 by not paying Class members for all wages earned during each pay period?

    (7)   Did Defendants violate Labor Code Section 226(a) by not furnishing Class members with accurate wage statements?

    (8)   Did Defendants violate Labor Code Section 227.3 by not paying Class members all accrued but unused vacation owed upon termination of employment?

    (9)   Did Defendants violate Labor Code Section 201 or 202 by not paying Class members all wages owed upon termination?

    (10)   Are Defendants liable to Class members for penalty wages under Labor Code Section 203?

    (11)   Are Defendants liable to Class members for penalties under Labor Code Section 226(e)?

    (12)   Did Defendants violate the Unfair Competition Law, Business and Professions Code Section 17200, *et seq.*, by their unlawful practices as alleged herein?

    (13)   Are Class members entitled to attorney's fees?

    (14)   Are Class members entitled to interest?

   c.   <u>Typicality</u>.  Plaintiffs are members of the Class, and their claims are typical of the claims of the other Class members.  Plaintiffs suffered the same kinds of injuries suffered by other Class members and seek the same kind of relief sought by other Class members.

   d.   <u>Adequate Representation</u>.  Plaintiffs will adequately and fairly protect the interests of the members of the Class.  Plaintiffs have no interests adverse to the interests of absent Class members.  Plaintiffs are represented by legal counsel who have substantial class action experience in civil litigation and employment law.

   14.   This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual class members to seek and obtain relief.  A class action will serve an important public interest by permitting employees harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them.

## FIRST CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF FLSA

### (By Plaintiffs and Truck Drivers against Defendants)

15.     Plaintiffs incorporate paragraphs 1 through 11 of this complaint as if fully alleged herein

16.     At all relevant times, Defendants, jointly and/or severally, have been and/or continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA, and Plaintiffs and other Truck Drivers were "employees" within the meaning of the FLSA.

17.     Pursuant to Section 6 of the FLSA, 29 U.S.C. § 206, Plaintiffs and other Truck Drivers were entitled to receive minimum wages for all hours worked.

18.     Defendants failed to pay Plaintiffs and other Truck Drivers for all hours worked in violation of the FLSA.  Plaintiffs are informed and believe that at all relevant times within the applicable limitations period, Defendants maintained and continues to maintain the following policies and/or practices which resulted in Truck Drivers not being compensated for all the hours they actually worked:

a)     Defendants paid Truck Drivers a flat amount per mile for a designated number of miles driven between pick up and drop off points without regard to the actual number of miles driven or how many hours were spent driving;

b)     Defendants did not pay Truck Drivers for loads that, due to reasons beyond their control, were cancelled or could not otherwise be completed;

c)     Defendants did not pay Truck Drivers for the time they spent on various job duties,

including opening truck doors, spotting trailers, sweeping trailers, counting freight, waiting for the unload/load process, securing the load and closing the doors;

d)   Defendants did not pay Truck Drivers for time required to be spent in their truck as a team driver not driving the vehicle, including but not limited to times when the non-driving team driver acted as ground guide or spotter;

e)   Defendants made unlawful deductions from the pay of Truck Drivers, which further reduced their effective hourly rate, for business expenses which Defendants were obligated to pay, including but not limited to per diem expenses, the costs of medical and drug screening, the costs of equipment, and the costs of using Defendants' Comdata system for receiving and/or making payments.

19.   As a result of Defendant's unlawful conduct, Plaintiffs and other Truck Drivers have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

20.   Pursuant to 29 U.S.C. § 216(b), Plaintiffs and other Truck Drivers are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LAW**

**(By Plaintiffs and California Truck Drivers Class against Defendants)**

21.   Plaintiffs incorporate paragraphs 1 through 7 and 12 through 14 of this complaint as if fully alleged herein.

22.   At all relevant times, Plaintiffs and the other members of the California Truck Drivers Class were employees of Defendants covered by Labor Code Section 1197, Wage Order 9-2001 and Wage Order MW- 2001.

23.   Pursuant to Labor Code Section 1197,Wage Order 9-2001 and Wage Order MW-2001, Plaintiffs and the other members of the California Truck Drivers Class were entitled to receive minimum wages for all hours worked.

24.   Defendant failed to pay Plaintiffs and other members of the California Truck Drivers Class minimum wages for all hours worked in violation of Labor Code Section 1197, Wage Order 9-

2001 and Wage Order MW-2001. Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained and continue to maintain the following policies and/or practices which resulted in California Truck Drivers not being compensated for all the hours they actually worked:

a)     Defendants paid California Truck Drivers a flat amount per mile for a designated number of miles driven between pick up and drop off points without regard to the actual number of miles driven or how many hours were spent driving;

b)     Defendants did not pay California Truck Drivers for loads that, due to reasons beyond their control, were cancelled or could not otherwise be completed;

c)     Defendants did not pay California Truck Drivers for the time they spent on various job duties, including opening truck doors, spotting trailers, sweeping trailers, counting freight, waiting for the unload/load process, securing the load and closing the doors;

d)     Defendants did not pay California Truck Drivers for time required to be spent in their truck as a team driver not driving the vehicle, including but not limited to times when the non-driving team driver acted as ground guide or spotter;

e)     Defendants made unlawful deductions from the pay of California Truck Drivers, which further reduced their effective hourly rate, for business expenses which Defendants were obligated to pay, including but not limited to per diem expenses, the costs of medical and drug screening, the costs of equipment, and the costs of using Defendants' Comdata system for receiving and/or making payments.

25.     As a result of Defendants' unlawful conduct, Plaintiffs and other members of the California Truck Drivers Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

26.     Pursuant to Labor Code Sections 1194 and 1194.2, Plaintiffs and other members of the California Truck Drivers Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

///

///

### THIRD CLAIM FOR RELIEF

### FAILURE TO PROVIDE MEAL PERIODS

#### (By Plaintiffs and the California Truck Drivers Class against Defendants)

27.     Plaintiffs incorporate paragraphs 1 through 7 and 12 through 14 of this complaint as if fully alleged herein.

28.     At all relevant times, Plaintiffs and the other members of the California Truck Drivers Class were employees of Defendants covered by Labor Code Sections 512 and 226.7 and Wage Order 9-2001.

29.     Pursuant to Labor Code Sections 512 and 226.7 and Wage Order 9-2001, Plaintiffs and the other members of the California Truck Drivers Class were entitled to a meal period of at least 30 minutes for each workday they worked more than five hours and one additional hour of pay for every day that a meal period was not provided.

30.     Defendants failed to provide Plaintiffs and other members of the California Truck Drivers Class meal periods in accordance with Labor Code Section 512 and Wage Order 9-2001. Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained and continue to maintain a policy or practice of not advising California Truck Drivers of their rights to take duty free meal periods or otherwise making any efforts to ensure that California Truck Drivers can take a duty free meal period.

31.     Defendants failed to provide Plaintiffs and other members of the California Truck Drivers Class the additional hour of pay required by Labor Code Section 226.7 and Wage Order 9-2001. Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained and continue to maintain a policy or practice of not paying additional pay to California Truck Drivers for missed meal periods.

32.     As a result of Defendants' unlawful conduct, Plaintiffs and other members of the California Truck Drivers Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed meal periods.

33.     Pursuant to Labor Code Section 218, Plaintiffs and other members of the California Truck Drivers Class are entitled to recover the full amount of their unpaid additional pay for missed

1  meal periods.  Pursuant to Labor Code Section 218.5, Plaintiffs and other members of the California

2  Truck Drivers Class are entitled to recover their reasonable attorney's fees and costs of suit.  Pursuant

3  to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other members of the

4  California Truck Drivers Class are entitled to recover prejudgment interest on the additional pay owed

5  for missed meal periods.

### FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE REST PERIODS

**(By Plaintiffs and the California Truck Drivers Class against Defendant)**

9      34.     Plaintiffs incorporate paragraphs 1 through 7 and 12 through 14 of this complaint as if

10  fully alleged herein.

11      35.     At all relevant times, Plaintiffs and the other members of the California Truck Drivers

12  Class were employees of Defendants covered by Labor Code Section 226.7 and Wage Order 9-2001.

13      36.     Pursuant to Labor Code Section 226.7 and Wage Order 9-2001, Plaintiffs and the other

14  members of the California Truck Drivers Class were entitled to rest periods of at least 10 minutes for

15  each four hour period of work and one hour of additional pay for every day a rest period was not

16  provided.

17      37.     Defendants failed to provide Plaintiffs and other members of the California Truck

18  Drivers  Class to take rest periods in accordance with Labor Code Section 226.7 and Wage Order 4-

19  2001.  Plaintiffs are informed and believe and thereon allege that at all relevant times within the

20  applicable limitations period, Defendants maintained and continue to maintain a policy or practice of

21  not advising California Truck Drivers of their rights to take rest periods or otherwise making any efforts

22  to ensure that California Truck Drivers have the opportunity to take a rest period during each four hour

23  period of work.

24      38.     Defendants failed to provide Plaintiffs and other members of the California Truck

25  Drivers Class the additional hour of pay required by Labor Code Section 226.7 and Wage Order 4-2001.

26  Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable

27  limitations period, Defendants maintained and continue to maintain a policy or practice of not paying

28  additional pay to California Truck Drivers for missed rest periods.

1    39.    As a result of Defendants' unlawful conduct, Plaintiffs and other members of the

2   California Truck Drivers Class have suffered damages in an amount, subject to proof, to the extent they

3   were not paid additional pay owed for missed rest periods.

4    40.    Pursuant to Labor Code Section 218, Plaintiffs and other members of the California

5   Truck Drivers Class are entitled to recover the full amount of their unpaid additional pay for missed rest

6   periods.  Pursuant to Labor Code Section 218.5, Plaintiffs and other members of the California Truck

7   Drivers Class are entitled to recover their reasonable attorney's fees and costs of suit.  Pursuant to

8   Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other members of the

9   California Truck Drivers Class are entitled to recover prejudgment interest on the additional pay owed

10   for missed rest periods.

11   **FIFTH CLAIM FOR RELIEF**

12   **FAILURE TO PAY ALL WAGES EACH PAY PERIOD**

13   **(By Plaintiffs and the California Truck Drivers Class against Defendant)**

14    41.    Plaintiffs incorporate paragraphs 1 through 7, 12 through 14 and 21 through 40 of this

15   complaint as if fully alleged herein.

16    42.    At all relevant times, Plaintiffs and the other members of the California Truck Drivers

17   Class were employees of Defendants covered by Labor Code Section 204.

18    43.    Pursuant to Labor Code Section 204, Plaintiffs and the other members of the California

19   Truck Drivers Class were entitled to receive on regular paydays all wages earned for the pay period

20   corresponding to the payday.

21    44.    Defendants failed to pay Plaintiffs and other members of the California Truck Drivers

22   Class for all wages earned each pay period on the regular payday for the pay period.  Plaintiffs are

23   informed and believe and thereon allege that at all relevant times within the applicable limitations

24   period, Defendants maintained and continue to maintain a policy or practice of: 1) not paying California

25   Truck Drivers minimum wages for all hours worked; 2) making unlawful deductions from the pay of

26   California Truck Drivers; 3) not paying California Truck Drivers additional pay for missed meal

27   periods; and/or 4) not paying California Truck Drivers additional pay for missed rest periods.

28   / / /

45.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the California Truck Drivers Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned during each pay period.

46.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiffs and members of the California Truck Drivers Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit.

**SIXTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(By Plaintiffs and the California Truck Drivers Class against Defendant)**

47.     Plaintiffs incorporate paragraphs 1 through 7, 12 through 14 and 21 through 44 of this complaint as if fully alleged herein.

48.     At all relevant times, Plaintiffs and the other members of the California Truck Drivers Class were employees of Defendants covered by Labor Code Section 226.

49.     Pursuant to Labor Code Section 226(a), Plaintiffs and the other members of the California Truck Drivers Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

50.     Defendants failed to provide Plaintiffs and other members of the California Truck Drivers Class accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiff is informed and believes and thereon alleges that at all relevant times since one year preceding the filing of the complaint in this action (the "Penalty Period"), Defendants maintained and continue to maintain a policy or practice of 1) issuing wage statements that do not show any hourly rates of pay or any number of hours worked at any hourly rate of pay; 2) not paying California Truck Drivers minimum wages for all hours worked; 3) making unlawful deductions from the pay of California Truck Drivers; 4) not paying California Truck Drivers additional pay for missed meal periods; and/or 5) not paying California Truck Drivers additional pay for missed rest periods. Defendants' practices resulted and continue to result in the issuance of wage statements to California Truck Drivers that do not show the

correct amount of gross wages earned, the correct amount of net wages owed, and/or the correct number of hours worked at each applicable hourly rate.

51.     Defendants' failure to provide Plaintiffs and other members of the California Truck Drivers Class with accurate wage statements was knowing and intentional.  Defendants had the ability to provide Plaintiffs and other members of the California Truck Drivers Class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

52.     As a result of Defendants' unlawful conduct, Plaintiffs and other members of the California Truck Drivers Class have suffered injury.  The absence of accurate information on their wage statements has prevented timely challenges to some of Defendants' unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

53.     Pursuant to Labor Code Section 226(e), Plaintiffs and other members of the California Truck Drivers Class are entitled to recover fifty dollars for the initial pay period during the Penalty Period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

54.     Pursuant to Labor Code Section 226(g), Plaintiffs and other members of the California Truck Drivers Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code Section 226(a).  Injunctive relief is warranted because Defendants continue to provide currently employed members of the California Truck Drivers Class with inaccurate wage statements in violation of Labor Code Section 226(a) and currently employed members of the California Truck Drivers Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct.  Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code Section 226(a).

55.     Pursuant to Labor Code Sections 226(e) and 226(g), Plaintiffs and other members of the California Truck Drivers Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

1

## SEVENTH CLAIM FOR RELIEF

2

### FORFEITURE OF VACATION

3

**(By Plaintiffs and the Former California Truck Drivers Class against Defendant)**

4      56.     Plaintiffs incorporate paragraphs 1 through 7 and 12 through 14 of this complaint as if

5 fully alleged herein.

6      57.     At all relevant times, Plaintiffs and the other members of the Former California Truck

7 Drivers Class were former employees of Defendants covered by Labor Code Section 227.3.

8      58.     Pursuant to Labor Code Section 227.3, Plaintiffs and other members of the Former

9 California Truck Drivers Class were entitled upon termination to payment of all accrued but unused

10 vacation.

11      59.     Defendants failed to pay Plaintiffs and other members of the Former California Truck

12 Drivers Class upon termination for all accrued but unused vacation.  Plaintiffs are informed and believe

13 and thereon allege that at all relevant times within the applicable limitations period, Defendants

14 maintained and continue to maintain an unlawful policy or practice of "cliff vesting," pursuant to which

15 vacation was not deemed earned until the employee had worked for a specified amount of time, and/or

16 an unlawful "use it or lose" it policy or practice pursuant to which earned but unused vacation was

17 forfeited upon termination.  Defendants' "use it or lose it" and/or "cliff vesting" policies and practices

18 resulted in Defendants not paying Former California Truck Drivers upon termination for all of their

19 accrued but unused vacation.

20      60.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Former

21 California Truck Drivers Class have suffered damages in an amount, subject to proof, to the extent they

22 were not paid for all accrued vacation owed upon termination of employment.

23      61.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiffs and members of the

24 Former California Truck Drivers Class are entitled to recover the full amount of their unpaid vacation,

25 prejudgment interest, reasonable attorney's fees and costs of suit.

26 ///

27 ///

28 ///

**EIGHTH CLAIM FOR RELIEF**

**FAILURE TO PAY ALL WAGES UPON TERMINATION**

**(By Plaintiffs and the Former California Truck Drivers Class against Defendants)**

62.     Plaintiffs incorporate paragraphs 1 through 7, 12 through 14, 21 through 46 and 56 through 61 of this complaint as if fully alleged herein.

63.     At all relevant times, Plaintiffs and the other members of the Former California Truck Drivers Class were employees of Defendants covered by Labor Code Section 201 or 202.

64.     Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members of the Former California Truck Drivers Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

65.     Defendants failed to pay Plaintiffs and other members of the Former California Truck Drivers Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202.  Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained and continue to maintain a policy or practice of: 1) not paying Former California Truck Drivers minimum wages for all hours worked; 2) making unlawful deductions from the pay of Former California Truck Drivers; 3) not paying Former California Truck Drivers additional pay for missed meal periods; 4) not paying Former California Truck Drivers additional pay for missed rest periods; and/or 5) not paying Former California Truck Drivers all accrued vacation owed upon termination of employment.

66.     Defendants' failure to pay Plaintiffs and members of the Former California Truck Drivers Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful.  Defendants had the ability to pay all wages earned by Former California Truck Drivers prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202.

67. Pursuant to Labor Code Section 201 or 202, Plaintiffs and other members of the Former California Truck Drivers Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

68. Pursuant to Labor Code Section 203, Plaintiffs and other members of the Former California Truck Drivers Class are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

69. As a result of Defendants' unlawful conduct, Plaintiffs and other members of the Former California Truck Drivers Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

70. As a result of Defendants' unlawful conduct, Plaintiffs and other members of the Former California Truck Drivers Class have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed under Labor Code Section 203.

71. Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other members of the Former California Truck Drivers Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code Section 203, reasonable attorney's fees and costs of suit.  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiffs and other members of the Former California Truck Drivers Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## NINTH CLAIM FOR RELIEF

### FAILURE TO INDEMNIFY FOR BUSINESS EXPENSES

**(By Plaintiffs and the California Truck Drivers Class against Defendants)**

72. Plaintiffs incorporate paragraphs 1 through 7 and 12 through 14 of this complaint as if fully alleged herein.

73. At all relevant times, Plaintiffs and other members of the California Truck Drivers Class were employees of Defendants covered by Labor Code Section 2802.

74. Pursuant to Labor Code Section 2802, Plaintiffs and other members of the California Truck Drivers Class were entitled to indemnification for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties.

75.     Defendants failed to indemnify Plaintiffs and other members of the California Truck Drivers Class for all business expenses in accordance with Labor Code Section 2802. Plaintiffs are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants maintained and continue to maintain a policy or practice of deducting from wages amounts for business expenses that Defendants were obligated to pay, including but not limited to per diem expenses, the costs of medical and drug screening, the costs of equipment, and the costs of using Defendants' Comdata system for receiving and/or making payments.

76.     As a result of Defendants' unlawful conduct, Plaintiffs and other members of the California Truck Drivers Class have suffered damages in an amount, subject to proof, to the extent Defendants failed to indemnify them for all their business related expenses.

77.     Pursuant to Labor Code Section 2802, Plaintiffs and other members of the California Truck Drivers are entitled to recover the amounts necessary to indemnify them fully for all of their business expenses (including refunds of the wages improperly deducted by Defendants to pay those business expenses), reasonable attorney's fees and costs of suit.

## TENTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

**(By Plaintiffs and the California Truck Drivers Class against Defendants)**

78.     Plaintiff incorporates paragraphs 1 through 7, 12 through 14, 21 through 46 and 56 through 77 of this complaint as if fully alleged herein.

79.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

80.     As a result of Defendants' unfair competition as alleged herein, Plaintiffs and other members of the California Truck Drivers Class have suffered injury in fact and lost money or property. Plaintiffs and members of the California Truck Drivers Class have been deprived of their rights to minimum wages for all hours worked; meal periods; rest periods; additional pay for missed meal

1  periods; additional pay for missed rest periods; payment of all earned wages each pay period; accurate

2  wage statements; payment of all accrued vacation owed upon termination of employment; payment of

3  all earned wages due upon termination of employment; and/or indemnification for all business

4  expenses; and Plaintiffs and members of the California Truck Drivers have not been paid all the monies

5  owed to them under the Labor Code.

6      81.   Pursuant to Business and Professions Code Section 17203, Plaintiffs and other members

7  of the California Truck Drivers Class are entitled to restitution of all wages and other monies owed to

8  them under the Labor Code, including interest thereon, in which they had a property interest, which

9  Defendants failed to pay to them but withheld and retained for themselves.  Restitution of the money

10  owed to Plaintiffs and other members of the California Truck Drivers Class that Defendants wrongfully

11  withheld and retained by means of engaging in unlawful business practices by failing to pay that money

12  in violation of the Labor Code is necessary to prevent Defendants from becoming unjustly enriched by

13  their failure to comply with the Labor Code.

14      82.   Plaintiffs and members of the California Truck Drivers Class are entitled to recover

15  reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil

16  Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

17                              **PRAYER FOR RELIEF**

18      WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, pray for

19  relief and judgment against Defendants as follows:

20      A.   An order certifying that Plaintiffs may pursue their FLSA claims against Defendants as a

21  collective action on behalf of other Truck Drivers under 29 U.S.C. § 216(b);

22      B.   An order certifying that Plaintiffs may pursue their state law claims against Defendants

23  as a class action on behalf of the California Truck Drivers Class and Former California Truck Drivers

24  Class under Rule 23 of the Federal Rules of Civil Procedure;

25      C.   An order appointing Plaintiffs as Class representative and appointing Plaintiffs' counsel

26  as Class counsel;

27      D.   Damages for unpaid minimum wages under 29 U.S.C. § 216(b);

28      E.   Liquidated damages under 29 U.S.C. § 216(b);

F.  Damages for unpaid minimum wages under Labor Code Section 1194;

G.  Liquidated damages under Labor Code Section 1194.2;

H.  Damages for unpaid wages for missed meal periods under Labor Code Section 226.7;

I.  Damages for unpaid wages for missed rest periods under Labor Code Section 226.7;

J.  Damages for unpaid wages under Labor Code Section 204;

K.  Penalties for inaccurate wage statements under Labor Code Section 226(e);

L.  An order for injunctive relief under Labor Code Section 226(g);

M.  Damages for unpaid vacation under Labor Code Section 227.3;

N.  Damages for unpaid wages under Labor Code Sections 201 or 202;

O.  Damages for unpaid penalty wages under Labor Code Section 203;

P.  Damages for failure to indemnify for business expenses under Labor Code Section 2802;

Q.  Restitution under Business and Professions Code Section 17203;

R.  Pre-judgment interest;

S.  Costs;

T.  Reasonable attorney's fees; and

U.  Such other and further relief as the Court deems just and proper.

DATED: January 7, 2010

SPIRO MOSS LLP
DYCHTER LAW OFFICES, APC

By: _____
Gregory N. Karasik

Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for themselves and all others similarly situated on all claims so triable.

DATED: January 7, 2010

SPIRO MOSS LLP
DYCHTER LAW OFFICES, APC

By: _____
Gregory N. Karasik

Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES, RESTITUTION AND PENALTIES

20

## FLSA CONSENT

I, Robert Gatdula, consent to the filing of a Fair Labor Standards Act case/claim on my behalf in either state or federal court against CRST VAN EXPEDITED and/or any affiliated "Employers."

ROBERT GATDULA

## FLSA CONSENT

I, Dean Ramirez, consent to the filing of a Fair Labor Standards Act case/claim on my behalf in either state or federal court against CRST VAN EXPEDITED and/or any affiliated "Employers."

_____
DEAN RAMIREZ