UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROBERT GATDULA and DEAN RAMIREZ, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>CRST INTERNATIONAL, INC.; CRST, INC.; CRST VAN EXPEDITED, INC. and DOES 1 through 10,<br><br>      Defendants.<br>_____/ | NO. CIV. 2:10-58 WBS CMK<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO TRANSFER</u> |

----oo0oo----

Plaintiffs Robert Gatdula and Dean Ramirez, individually and on behalf of others similarly situated, brought this action against defendants CRST Van Expedited, Inc. ("CRST"), CRST International, Inc., and CRST, Inc., arising from defendants' alleged failure to compensate employee truck drivers in accordance with federal and state law.  Plaintiffs now move to transfer this action to the Central District of California, where

1

two other actions against CRST are pending, pursuant to 28 U.S.C. § 1404(a).

## I. Factual and Procedural Background

### A. Instant Action

Plaintiffs, former CRST truck drivers whose home terminal was Fontana, California, filed this action on January 7, 2010, asserting one federal claim and nine state law claims against CRST, an Iowa corporation with its principal place of business in Iowa. (Compl. (Docket No. 22).) Plaintiffs' federal claim is for failure to pay minimum wages in violation of 29 U.S.C. § 206 as a collection action pursuant to 29 U.S.C. § 216(b), and is brought on behalf of themselves as well as CRST's truck drivers who had a home terminal or drop location anywhere in the United States within three years before the filing of the Complaint (first claim). Plaintiffs' state law claims[1] are brought on behalf of themselves and as a class action pursuant to Federal Rule of Civil Procedure 23, with the class defined as CRST's truck drivers who were employed by CRST within four years since the filing of the Complaint and had a home terminal or drop location anywhere in California ("California Truck Drivers

---

[1] Plaintiffs originally brought nine state law claims: failure to pay minimum wages in violation of California law (second claim), failure to provide meal periods (third claim), failure to provide rest periods (fourth claim), failure to pay all wages each period (fifth claim), failure to provide accurate wage statements (sixth claim), forfeiture of vacation pay in violation of California Labor Code section 227.3 (seventh claim), failure to pay all wages upon termination in violation of California Labor Code section 201 or 202 (eighth claim), failure to indemnify for business expenses in violation of California Labor Code section 2802 (ninth claim), and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210 (tenth claim).

Case 2:11-cv-01285-VAP-OP   Document 32   Filed 02/08/11   Page 3 of 8   Page ID #:235

Class") and CRST's California-based truck drivers who were terminated by CRST in the last four years ("Former California Truck Drivers Class").

On March 12, 2010, the court dismissed the claims against CRST International, Inc., and CRST, Inc., following a stipulation of the parties. (Docket Nos. 20-21.) The court also stayed this action following the stipulation because of pending motions for class certification in two actions in the Central District and CRST's pending motion for partial summary judgment in one of those actions. (Id.) On November 24, 2010, following class certification in Cole v. CRST Van Expedited, Inc., No. 5:08-cv-01570 (C.D. Cal. Aug. 5, 2010), and in accordance with the parties' stipulation (Docket No. 22), the court lifted the stay and dismissed five of plaintiffs' state law claims, claims two through six. (Docket No. 23.) The stipulation described the dismissed claims as "overlap[ping]" with the state law claims asserted in Cole.

B.   Central District of California Actions

The Cole plaintiff, whose action was removed to the Central District on November 5, 2008, asserts state law claims against CRST for (1) failure to provide rest and meal periods or compensation in lieu thereof in violation of California Labor Code section 226.7 and Industrial Welfare Commission ("IWC") Wage Order 9, (2) failure to timely pay wages due at termination in violation of California Labor Code sections 201, 202, and 203, (3) violation of the UCL, (4) failure to pay minimum wages in violation of California Labor Code sections 1194, 1197, and IWC Wage Order 9, (5) knowing and intentional failure to comply with

3

itemized employee wage statement provisions in violation of California Labor Code sections 226(b), 1174, and 1175, and (6) penalties under California Labor Code Private Attorney Generals Act, Cal. Lab. Code § 2698, et seq.

On August 5, 2010, Judge Virginia A. Phillips denied CRST's motion for partial summary judgment in the Cole case and granted the plaintiff's motion to certify a class of all of CRST's California-based drivers who are employed or were employed by CRST in California within four years since the filing of the original complaint and through the present.  Subclasses were also certified: (1) rest period class, (2) meal period class, (3) minimum wage class, (4) California Labor Code section 226 (itemized wage statements) class, and (5) California Labor Code section 203 (wages at termination) class.  The Cole action has been stayed pending a decision by the California Supreme Court that may relate to the plaintiff's meal and rest period claims, Brinker Restaurant Corp. v. Super. Ct., 80 Cal. Rptr. 3d 781 (4th Dist. 2008), rev. granted, 85 Cal. Rptr. 3d 688 (Cal. Oct. 22, 2008).

Morrison v. CRST Van Expedited, Inc., No. 2:09-cv-05638 (C.D. Cal.), which was removed to the Central District on July 31, 2009, was transferred to Judge Phillips because it was related to Cole.  The claims asserted in Morrison largely overlap with the claims asserted in Cole.  The only unique claim in Morrison is the failure to pay "promised and stated piece-rate" in violation of California Labor Code sections 222 and 223.  The two unique claims in Cole are (1) failure to provide rest and meal breaks or compensation in lieu thereof and (2) failure to

provide accurate itemized wage statements.  Judge Phillips denied the motion for class certification in Morrison based on the first-to-file rule, holding that the Morrison plaintiffs' additional piece-rate theory rested on the same factual allegations as Cole and the central question in both cases is whether the class was entitled to all compensation for all hours worked.

II.  Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2]  28 U.S.C. § 1404(a).  A plaintiff or a defendant may bring a motion, although some courts require a plaintiff to show that circumstances have changed since the action was filed.  See generally 17 James Wm. Moore et al., Moore's Federal Practice § 116.16[1] (3d ed. 2010) (discussing split among lower courts and citing cases).[3]

Under § 1404(a), a court "has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'"  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting

---

[2] CRST Van Expedited, Inc. ("CRST"), has not argued that plaintiffs could not have brought this action in the Central District of California.

[3] Although the court declines to place this additional burden on plaintiffs, the court observes that at least one Eastern District court has noted this requirement.  See Cox v. Ashcroft, No. CV-F-05-149 OWW GSA, 2008 WL 802314, at *1 (E.D. Cal. March 25, 2008) ("For a plaintiff to prevail on such a motion, however, he must show that there has been a change of circumstances since the suit was filed that warrants transfer.").

5

1  Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  A motion
2  to transfer requires a court to weigh multiple factors to
3  determine whether transfer is appropriate.  Id.  To undertake
4  this analysis of "convenience" and the "interest of justice," the
5  factors that a district court may consider include the
6  plaintiff's choice of forum, the contacts relating to the
7  plaintiff's cause of action in the chosen forum, the convenience
8  of witnesses, and the ease of access to sources of proof.[4]  Id.
9  at 498-99.  "No single factor is dispositive and a district court
10 has broad discretion to adjudicate motions for transfer on a
11 case-by-case basis."  Ctr. for Biological Diversity v.
12 Kempthorne, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct.
13 10, 2008) (citing Stewart, 487 U.S. at 29; Sparling v. Hoffman
14 Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988)).

15         The interest of justice can be decisive.  Am. Canine
16 Found. v. Sun, No. CIV. S-06-654 LKK DAD, 2006 WL 2092614, at *3
17 (E.D. Cal. July 27, 2006).  "An important consideration in
18 determining whether the interests of justice dictate a transfer
19 of venue is the pendency of a related case in the transferee
20 forum."  Id. (citing A.J. Indus., Inc. v. U.S. Dist. Ct. for the
21 Cent. Dist. of Cal., 503 F.2d 384, 389 (9th Cir. 1974)); see
22 Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)
23 (listing "feasibility of consolidation of other claims" as a

---

[4] Other factors considered by courts include the location where relevant agreements were negotiated and executed, the state that is most familiar with the governing law, the differences in the costs of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, the presence of a forum selection clause, and the relevant public policy of the forum state.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

factor relevant to the "interest of justice").  The Supreme Court and the Ninth Circuit have long recognized that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  Cont'l Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960); see A.J. Indus., 503 F.2d at 389 ("[T]he pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties.").  Litigation of related claims in the same court is strongly favored because it facilitates pre-trial proceedings and discovery and avoids duplicative litigation and inconsistent results.  Wiley v. Trendwest Resorts, Inc., No. C 04-4321, 2005 WL 1910934, at *3 (N.D. Cal. Aug. 10, 2005).

     Here, preventing inconsistent rulings by two district courts considering the same issues weighs heavily in favor of transfer.  The federal claim for minimum wages in this action and the state law claims for minimum wages in the Central District actions involve the calculation of pay.  In all three actions against CRST, a judge must decide the factual issue of how CRST paid its employees and the legal issue of whether that was sufficient.

     Judicial economy also weighs heavily in favor of transfer.  "Judicial resources are conserved when an action is adjudicated by a court that has already 'committed judicial resources to the contested issues and is familiar with the facts of the case.'"  Madani v. Shell Oil Co., No. C07-04296, 2008 WL

1  268986, at *2 (N.D. Cal. Jan. 30, 2008) (quoting <u>Samsung Elecs.</u>
2  <u>Co., Ltd. v. Rambus, Inc.</u>, 386 F. Supp. 2d 708, 722 (E.D. Va.
3  2005)).  Judge Phillips has already decided motions for class
4  certification and partial summary judgment and has become
5  familiar with the facts of these cases.  In particular, Judge
6  Phillips is familiar with CRST's uniform compensation system, on
7  which plaintiffs' base their federal claim for minimum wages.
8  Accordingly, because judicial economy and the need to avoid
9  inconsistent rulings weigh heavily in favor of transfer, the
10 court will grant plaintiffs' motion to transfer this action to
11 the Central District of California.
12         IT IS THEREFORE ORDERED that plaintiffs' motion to
13 transfer this action to the Central District of California be,
14 and the same hereby is, GRANTED.
15 DATED:  February 7, 2011

    _____
    WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE